# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLO DIABY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-00589 (ABJ) |
| | ) |
| HOWARD N. BIERMAN, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Billo Diaby brought this action against Wells Fargo Bank, N.A. ("Wells Fargo"), American Home Mortgage Servicing, Inc. ("AHMSI"), Howard Bierman, Jacob Geesing, and Carrie Ward (collectively "defendants"). Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. According to plaintiff himself, "Defendants disparage the Complaint as a poorly drafted, last-ditch effort to stop foreclosure; and they may be right about that." Pl.'s Opp. to Mot. to Dismiss at 2. The Court also agrees, and for the reasons stated below, it will grant defendants' motion in part and dismiss three of the four causes of action in plaintiff's complaint.

### I.  Background

Plaintiff purchased property located at 5705 Colorado Avenue, Northwest, Washington, District of Columbia (the "property"), on or about June 19, 1997. Compl. ¶ 7. On August 31, 2006, plaintiff allegedly executed a deed of trust with Wells Fargo, which was recorded at the District of Columbia Record of Deeds. *Id*. ¶ 9. Although plaintiff provides almost no detail about the intervening facts, a foreclosure sale of his home was set for March 25, 2010. *Id*. ¶ 14.

On March 24, 2010 – the day before the foreclosure sale – plaintiff brought suit against defendants in the Superior Court of the District of Columbia. In his complaint plaintiff alleged four causes of action related to the foreclosure of his property: (1) "Action to Quiet Title"; (2) "Defective Foreclosure Failure to Provide Accurate Cure Amount"; (3) "Violation of the Make Home Affordable Program"; and (4) "No Standing to Foreclosure." *Id*. ¶¶ 13–42. Wells Fargo and AHMSI removed the action to this Court on April 14, 2010 and then moved to dismiss the complaint on April 21, 2010. Defendants Bierman, Geesing, and Ward (collectively, "Trustees") answered the complaint on May 4, 2010, denying all of plaintiff's allegations and asserting that the complaint fails to state a claim upon which relief can be granted.[1]

Plaintiff then moved for leave to amend his complaint on October 20, 2010. The Court denied leave to amend on June 17, 2011 for failure to comply with Local Rule 7(i), and plaintiff did not subsequently move to amend in compliance with the Local Rules. The Court will now address defendants' motions to dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**II.    Standard of Review**

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal,* the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all

---

[1]    The Court will treat the Trustees' answer [Doc. #4] as both an answer and a motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.").

of the allegations contained in a complaint is inapplicable to legal conclusions." 129 S. Ct. at 1949. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950.[2]

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*. at 1949, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed liberally in plaintiff's favor, and the Court should grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton,* 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss under Rule 12(b)(6), a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

---

2    The Court notes that plaintiff incorrectly described the proper standard of review under Rule 12(b)(6). *Compare* Pl.'s Opp. to Mot. to Dismiss at 2–3, citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *with Iqbal*, 129 S. Ct. at 1944 (stating that the Supreme Court "retired the *Conley* no-set-of-facts" test in *Twombly*).

3

### III. Analysis

Plaintiff himself "submits for the Court's sound discretion the distinct possibility that all procedures required in carrying out a private foreclosure in the District of Columbia have not been adhered to properly." Pl.'s Opp. to Mot. to Dismiss at 5. But plaintiff fails to recognize that this level of pleading is exactly what the Supreme Court has found inadequate under Rule 12(b)(6): "[W]here the well-pleaded facts do not permit the court to infer *more* than the *mere possibility* of misconduct, the complaint has alleged – but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950, quoting Fed. R. Civ. P. 8(a)(2) (emphasis added). As described below, three of plaintiff's four causes of action fail to state a claim and will be dismissed. Only with respect to Count II does plaintiff state a claim upon which relief can be granted.

#### A. Counts I and IV: Standing to Foreclose

Counts I and IV both relate to plaintiff's allegation that his original note has been sold or transferred, but no assignment has been recorded. Compl. ¶ 11, 16. As a result, plaintiff brings a cause of action to quiet title (Count I) and a cause of action[3] alleging that defendants lack standing to foreclose (Count IV). Both of these causes of action fail to state a claim upon which relief can be granted.

Courts may hear a common law action to quiet title to prove title, secure title, "or to remove obstacles which hinder its enjoyment." *In re Tyree*, 493 A.2d 314, 317 (D.C. 1985), quoting *Sharon v. Tucker*, 144 U.S. 533, 544 (1892); *see also Black's Law Dictionary* 34 (9th ed.

---

[3] The Court is unaware of a cause of action for lack of standing to foreclose. Rather, the Court will treat this as a common law cause of action for wrongful foreclosure.

4

2009) (defining an "action to quiet title" as a "proceeding to establish a plaintiff's title to land by compelling the adverse claimant to establish a claim or be forever estopped from asserting it.").

Here, plaintiff alleges that he is the "true and lawful title owner to the property", Compl. ¶ 14, and that defendant "has wrongfully created a cloud upon the title to the property in question." *Id*. ¶ 17. His concern is that the note he signed has been sold, but there is no record of that sale in the land records. He alleges that "none of the Defendants are the current note holder of record and therefore they do not have standing to foreclose on a note or deed of trust that they cannot prove record ownership to. If the Defendant claims to be the current note holder Plaintiff demands strict proof thereof." *Id*. ¶ 15. For the same reasons, plaintiff alleges separately in Count IV that defendants lack standing to foreclose. *Id*. ¶¶ 38–42.[4]

Plaintiff elaborates on Count I in his opposition:

> An action to quiet title is a claim for which relief may, in theory, be granted; and whether it is granted in the event will depend on some modicum of a factual enquiry by the Court. Although Defendants supply documentation purporting to establish the right of Wells Fargo as trustee to sell the subject property at auction, Plaintiff demands strict proof of said right. Plaintiff's demand stems in no small measure from experience with the hurried manner by which many foreclosure properties are sold at private auction in the District in contravention of the homeowner's right to redeem.

Pl.'s Opp. to Mot. to Dismiss at 4. But plaintiff does not go on to identify any *facts* alleged in his complaint that could give rise to a right to relief, and raising conclusory suspicions in an

---

4   Defendants Wells Fargo and AHMSI argue that there is no basis for an action to quiet title because title is not disputed, Defs.' Reply in Support of Mot. to Dismiss at 4–5. They state that on July 28, 2006 plaintiff refinanced the property through a loan from Option One Mortgage Corporation and that he also executed a deed of trust naming Option One Mortgage Corporation as the beneficiary. Defs.' Mot. to Dismiss at 1. They also state that plaintiff "has been aware since June 30, 2009, that his loan with Option One had been placed in a securitized trust for which Wells Fargo was acting as trustee." *Id.* Defendants further argue that plaintiff is "aware that Wells Fargo, as Trustee, through their counsel Bierman, Geesing & Ward, LLC, was seeking to foreclose for nonpayment since the summer of 2009." *Id.*

5

opposition to a motion will not suffice. With respect to Count IV, plaintiff's opposition makes it clear that the gravamen of his claims is the alleged failure to record any assignment of the note. Pl.'s Opp. to Mot. to Dismiss at 5 ("Plaintiff reiterates its claim that the Defendants herein, while attempting to sell the subject property at auction, do not have a properly recorded interest therein."). But the laws of the District of Columbia require that a mortgage or deed of trust be recorded, not the underlying note. *See* D.C. Code § 42-801. Therefore, a failure to record an assignment does not give rise to a cause of action.

The Court also finds that plaintiff fails to offer facts any facts that support his conclusory allegation that none of the defendants has standing to foreclose. Moreover, that allegation does not necessarily give rise to a cause of action. Under District of Columbia law, non-judicial foreclosures are allowed where the deed of trust includes a power of sale clause. *See* D.C. Code § 42-815(b) (providing for a "foreclosure sale under a power of sale provision contained in any deed of trust, mortgage, or other security instrument" where the holder of the note or its agent gives written notice to the owner). The power to foreclose may be executed by the lender or its representative, such as a trustee. *See Bryant v. Jefferson Fed. Sav. & Loan Ass'n*, 509 F.2d 511, 513 (D.C. Cir. 1974) ("[E]xtrajudicial foreclosure is permissible only when the instrument executed by the fee owner itself expressly authorizes the mortgagee or trustee to sell the property at a public auction if the owner defaults in his payments."); *see also Murray v. Wells Fargo Home Mortg.*, 953 A.2d 308, 324–25 (D.C. 2008) ("[A]s a general proposition, trustees of deeds have only those powers and duties imposed by the trust instrument itself, coupled with the applicable statute governing foreclosure sales in the District of Columbia.") (internal quotations omitted); Restatement (Second) of Trusts § 190 ("The trustee can properly sell trust property if (a) a power of sale is conferred in specific words, or (b) such sale is necessary or appropriate to

6

enable the trustee to carry out the purposes of the trust, unless such sale is forbidden in specific words by the terms of the trust . . . ."). So whether or not defendants are holders of the note is not dispositive as to whether they have standing to foreclose on the property. And upon review of the deed of trust itself,[5] the document makes clear that the lender, through trustees, has the express power to foreclose. Defs.' Mot. to Dismiss, Ex. B, ¶ 21 ("After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under terms designated in the notice of sale in one or more parcels and in any order Trustee determines.").

Finally, in his complaint, plaintiff repeatedly refers to "defendant" in the singular form but fails to specify the defendant to which he refers. *See, e.g.*, Compl. ¶ 17 ("Defendant, by its actions alleged hereinabove, has wrongfully created a cloud upon the title to the property in question."). Without more detail the Court cannot infer more than the mere possibility of misconduct, and the complaint does not provide the notice required under the Federal Rules. *Iqbal*, 129 S. Ct. at 1950. In sum, while the Court must ordinarily grant plaintiff the benefit of any inferences from the facts alleged, the Court cannot accept those inferences here because they are unsupported by any allegations of fact. *See Kowal*, 16 F.3d at 1276. Accordingly, the Court will dismiss Counts I and IV of the complaint against all defendants without prejudice.

### B. Count II: Wrongful Foreclosure for Failure to Provide Accurate Cure Amount

Plaintiff alleges in Count II that the foreclosure was defective because "Defendant has failed to provide an accurate figure to cure to [sic] the alleged arrearage" in violation of District of Columbia law. Compl. ¶¶ 20–21. Under the District of Columbia Code, a borrower in default

---

5 Because plaintiff refers to the deed of trust in the complaint, Compl. ¶¶ 9–10, the Court may consider it in analyzing the motion to dismiss under Rule 12(b)(6). *See Gustave-Schmidt*, 226 F. Supp. 2d at 196.

is entitled to advance written notice of a foreclosure sale. D.C. Code § 42-815(b). The contents of the notice of foreclosure are governed by 9 DCMR § 3100, *et seq.* Among other requirements, a notice of foreclosure must include at least the "name and address of the holder of the note and his or her telephone number of person to call if owner wishes to stop foreclosure." 9 DCMR § 3100.2.[6] The District of Columbia Code further requires that notice must include the "amount required to cure the default and reinstate the loan, including all past due payments, penalties, and fees." D.C. Code § 42-815.02(a)(11)(B)(iv). The Mayor of the District of Columbia develops the form on which notice must be provided, which is available at the Office of the Recorder of Deeds. 9 DCMR § 3100.1.

Once the notice of foreclosure is given, the residential mortgage debtor has a right to cure his default and prevent the sale by (1) paying or tendering the amount required to bring the account current; (2) performing any other obligation she would have been bound to perform in

---

6  9 DCMR § 3100.2 states:

> The form of the notice of a foreclosure sale of real property shall provide for furnishing at least the following information concerning the sale:
>
> (a) The name and address of the owner of record of the property, and his or her telephone number, if known;
>
> (b) The identification of the property;
>
> (c) The lot and square number or the parcel number of the property;
>
> (d) The liber number and folio number of the volume in the Office of the Recorder of Deeds in which the security instrument is recorded and the date of such recordation;
>
> (e) The name and last known address of the maker of the note secured by the security instrument, and his or her telephone number, if known;
>
> (f) The name and address of the holder of the note and his or her telephone number of person to call if owner wishes to stop foreclosure; and
>
> (g) Provision for a certification by the note holder or his or her agent that the original of the notice has been sent to the property owner by certified mail, return receipt requested, and that the note holder understands that no foreclosure sale may take place until at least thirty (30) days after a copy of the notice has been received by the Recorder of Deeds, D.C.

the absence of default; and (3) paying or tendering any expenses associated with the foreclosure incurred by the mortgagee. D.C. Code § 42-815.01(b)–(c).

The District of Columbia Court of Appeals has held that "the cure amount stated in the foreclosure notice must be accurate . . . ." *Bank-Fund Staff Fed. Credit Union v. Cuellar*, 639 A.2d 561, 563–64 (D.C. 1994). The court concluded that the cure amount must be accurate "in order to fulfill its statutory purpose" of allowing the borrower to bring the account current in order to cure the default. *Id.* at 576. Therefore, providing an accurate cure amount is part of the notice requirement under District of Columbia law, and failure to provide an accurate cure amount may give rise to an action for wrongful foreclosure.

Here, plaintiff does not allege that he was not given a cure amount, or that he was not provided an opportunity to cure. He instead alleges that he was not given an accurate amount to cure. But in doing so, he does not reference the actual notice – instead he refers to two documents with no bearing on the matter. He states that "Defendant Lender represented in bankruptcy court that the arrearage was $13,952.35 as of January 20, 2010," Compl. ¶ 23, but that figure failed to credit two payments he made for $3,062.25 and $2,150. *Id*. ¶24. He also alleges that the "lender provided a past due amount to the organization attempting to obtain a loan modification for Plaintiff," and in a "transmission to them the arrearage had mysteriously ballooned to $27,633.90." *Id*. ¶ 26. Defendants' argument that plaintiff has therefore failed to state a claim has considerable force, but resolving all inferences in plaintiff's favor, he has stated a plausible claim hanging on the slender thread of paragraphs 20 and 27.

Defendants point out that plaintiff "does not dispute the foreclosure notice issued by the Recorder of Deeds" and that plaintiff instead ignores that notice. Mot. to Dismiss at 5–6. Defendants then proffer the notice purportedly sent in compliance with District of Columbia law.

9

*Id.* However, the Court cannot rely on that document in evaluating the motion to dismiss under Rule 12(b)(6) because plaintiff does not refer to it in his complaint and it is not an appropriate subject of judicial notice. *See Gustave-Schmidt*, 226 F. Supp. 2d at 196. Whether the notice was accurate and sufficient may well be a proper subject to address through a motion for summary judgment, but the Court will not dismiss this count at this stage. *See, e.g.*, *Richards v. Option One Mortg. Corp.*, 682 F. Supp. 2d 40, 46 (D.D.C. 2010) (entering summary judgment in favor of the defendant as to whether it had provided an accurate cure amount after evidence demonstrated that factual assertions to the contrary were "without foundation"); *Vines v. Mfrs. & Traders Trust Co.*, 935 A.2d 1078, 1086 (D.C. 2007) (affirming summary judgment for the defendant where the record showed the plaintiff was given proper notice of foreclosure and the amount necessary to cure her default). This holding is in keeping with the "strict construction of foreclosure statutes in favor of homeowners." *Bank-Fund*, 639 A.2d at 570.

### C. Count III: Violation of the Make Home Affordable Program

Plaintiff alleges that Wells Fargo and AHMSI are signatories to the Make Home Affordable Program ("MHAP") and that they failed to abide by the MHAP "guidelines." Compl. ¶¶ 30–36. Specifically, plaintiff alleges that the MHAP requires all foreclosure activity be suspended "when a lender or servicer accepts or a package is 'submitted' for review by the lender or servicer." Compl. ¶ 32. Plaintiff alleges that he "'submitted' and the servicer and lender accepted" his "package on March 8, 2010." Compl. ¶ 33.

But plaintiff now acknowledges that he has no private right to maintain a cause of action under the MHAP: "Defendants correctly point out that federal courts have found no private right to initiate or maintain a cause of action against private entities in receipt of Troubled Asset Relief Program (TARP) funds, such as banks, which subsequently foreclose on homeowners who are

MHAP participants." Pl.'s Opp. to Mot. to Dismiss at 4–5. Because plaintiff concedes the point that he has no standing under the MHAP, the Court will dismiss Count III against all defendants with prejudice.

## IV. Conclusion

For the reasons stated above, the Court will dismiss without prejudice Counts I and IV against all defendants because plaintiff has failed to state a claim for relief. The Court will also dismiss Count III against all defendants with prejudice. And the Court will deny the motions with respect to Count II. A separate Order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: July 8, 2011